This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 33,424**

**CALVIN JETER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina Argyres, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals his conviction for trafficking cocaine (by possession, with intent to distribute). Our notice proposed to affirm. Defendant filed a motion to supplement the record proper, as well as a memorandum in opposition and motion to

amend the docketing statement. We grant Defendant's motion to supplement the record and deny Defendant's motion to amend. We further remain unpersuaded by Defendant's arguments and therefore affirm.

{2} In issue (1), Defendant continues to argue the evidence was insufficient to support his conviction for trafficking (cocaine, by possession with intent to distribute). [DS 4; MIO 6] *See* NMSA 1978, § 30-31-20(A)(3) (2006); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the standard of review for substantial evidence). As support for his argument, Defendant maintains that the State proved only that Defendant had a small amount of cocaine consistent with personal use, rather than trafficking. [MIO 6] We disagree. As discussed in our notice, both Defendant's probation officer and Detective Jones observed crack cocaine in Defendant's apartment [DS 2; MIO 2, 8] and Defendant admitted to Detective Jones that he was selling crack cocaine. [DS 3; MIO 9] The memorandum in opposition further provides that Detective Jones found a scale in Defendant's apartment. [MIO 8] We hold that these facts support Defendant's conviction. *See State v. Muniz*, 1990-NMCA-105, ¶ 3, 110 N.M. 799, 800 P.2d 734 (listing factors to support the defendant's conviction for trafficking and stating, "[m]ore importantly . . . defendant later admitted to police officers that he distributed controlled substances"); *see also State v. Sparks*, 1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining

2

substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction).

{3}     In holding that the evidence was sufficient for Defendant's conviction, we acknowledge that Detective Jones' complaint, police report, addendum to his police report, and his grand jury testimony did not indicate Defendant made an admission to selling cocaine. [MIO 8] Instead, as articulated by Defendant, "[t]he only suggestion of any intention to distribute the cocaine was Detective Jones' incredible testimony wherein he announced for the first time on direct examination that he *Mirandized* and questioned [Defendant], who told him that he was trafficking cocaine." [MIO 9] Defendant argues that this "sudden revelation" [MIO 9], paired with Detective Jones' admission that "he lies for a living" [MIO 9], precludes the State from proving beyond a reasonable doubt that Defendant intended to transfer or distribute the cocaine to another. [MIO 8] We disagree, because the impact and weight of Detective Jones' failure to mention Defendant's admission until trial, as well as the assessment of his credibility, were matters for the jury to decide. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N .M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

**{4}** We lastly note that we do not consider our reference to the scale as circumstantial evidence to be diminished by Defendant's acquittal for possession of drug paraphernalia (the scale). [MIO 6, 9] *See generally State v. Roper*, 2001-NMCA-093, ¶ 24, 131 N.M. 189, 34 P.3d 133 ("We have frequently said that our business is to review the verdicts of conviction, and not concern ourselves with any alleged acquittals, and thus we do not entertain contentions alleging that the verdicts are irreconcilable."). Nonetheless, independent of the scale, the cocaine in Defendant's apartment and Defendant's admission to selling crack cocaine are sufficient to support his conviction. We affirm.

**{5}** In issue (2), Defendant continues to argue that the district court erred when it refused to admit Defendant's exhibit that directly quoted the entirety of NMSA 1978, Section 29-1-16 (2005) (electronic recordings of custodial interrogations). [DS 3, 4; MIO 11] Related to this issue, Defendant seeks to amend his docketing statement to argue that the district court's exclusion of this exhibit deprived him of his constitutional right to present a complete defense. [MIO 1, 11]

**{6}** As an initial matter, we comment that, in response to our notice's request for a more complete view of what happened below, Defendant in his memorandum in opposition provided a thorough presentation of the facts relevant to this issue and also, helpfully, filed a motion to supplement the record proper with an attached unofficial

"partial transcript of proceedings." [Ct.App.File, black clip] We grant Defendant's motion and note our appreciation of Defendant's efforts to provide this Court with a complete view of the facts.

{7}     As support for his position, Defendant provides that the theory of the defense was that Defendant possessed cocaine and nothing more [MIO 11], and emphasizes the importance to the defense of casting doubt on Detective Jones' "newly pronounced claim" at trial that Defendant confessed to drug trafficking after being handcuffed, *Mirandized*, and interrogated upon arrest. [MIO 11; Tr. 3] To do so, Defendant provides that defense counsel sought to cross-examine Detective Jones with his failure to comply with Section 29-1-16, which required Detective Jones to electronically record the custodial interrogation if the detective was reasonably able to do so. [MIO 11-13] To aid in this cross-examination, defense counsel sought to introduce the disputed exhibit–an enlarged copy of Section 29-1-16. [MIO 12; Tr. 15, 21, 23]

{8}     We conclude that the district court appropriately excluded the exhibit as more prejudicial than probative [Tr. 23; MIO 4], because introduction of the statute in its entirety had the potential to confuse the jurors. [Tr. 16] *See generally State v. Stanley*, 2001-NMSC-037, ¶ 5, 131 N.M. 368, 37 P.3d 85 (providing that we review the district court's admission or exclusion of evidence for an abuse of discretion and that we will not disturb its evidentiary ruling absent a clear abuse of that discretion).

{9} Nonetheless, while the district court did not allow defense counsel to introduce the exhibit [Tr. 21-23], it did allow counsel to cross-examine Detective Jones regarding his understanding of his statutory obligations under Section 29-1-6, as well as whether he complied with his obligations when he elected not to use his "belt tape." [Tr. 14, 21, 22, 24-27, 30-32; MIO 5] Given that the district court allowed Defendant to alert the jury to Section 29-1-6 during cross-examination and the possibility of electronic recordings that were not utilized by Detective Jones, we are not persuaded that Defendant was prejudiced in any way by the exclusion of the exhibit. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (holding that an assertion of prejudice is not a showing of prejudice). Rather, we conclude that the lack of any electronic recordings was a matter for the jury to consider in assessing the weight and credibility of Detective Jones' testimony. *See Salas*, 1999-NMCA-099, ¶ 13 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). Moreover, as we pointed out in our notice, Section 29-1-16(I) specifically provides that "[t]his section shall not be construed to exclude otherwise admissible evidence in any judicial proceeding." Because we conclude that the district court did not abuse its discretion in excluding the exhibit and because Defendant was able to cross-examine Detective Jones about Section 29-1-6, we deny Defendant's motion to amend, *see State v.*

6

*Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable), and affirm.

{10}     To conclude, we hold that sufficient evidence supports Defendant's conviction for trafficking cocaine and that the district court did not abuse its discretion in excluding Defendant's exhibit. We affirm.

{11}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**