■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TRACEY SCHRIBER, Appellant.— REYNOLDS, J. P. Appeal from a judgment of the County Court of Cortland County, entered upon a jury verdict convicting

appellant of the crimes of criminal possession of a dangerous drug, second degree (Penal Law, § 220.15); criminal nuisance (Penal Law, § 240.45) and possession of an implement adapted for the administration of a narcotic drug (Public Health Law, § 3395). In the fall of 1967 appellant rented an apartment in Cortland above a restaurant for use while attending college. At about 2:00 A.M. on April 27, 1968 Cortland City Police and a State Police Investigator, acting pursuant to a warrant obtained on the basis of the presence of a State Trooper at a "pot" party hosted by appellant at the apartment in March of 1968, entered the apartment. At this time the appellant was not home but three of his friends were there and his subtenant was asleep in her bedroom. There is no indication that any smoking of marijuana was occurring at the time, but a search of the apartment resulted in the seizure of a water pipe found on a table in the living room, an Indian peace-type pipe found on the floor in the living room, a pipe and a plastic bag which contained material subsequently analyzed as "grass" found also in the living room, an incense box and a round tin both found to contain marijuana, and some marijuana seeds on a screen under a mattress, all found in the living room. Search of the room adjacent to the living room, the "paint room", turned up a canvas bag containing marijuana on a shelf with a box which contained two pipes. In the appellant's bedroom, a square-bowled pipe containing marijuana residue was found and taken. Analysis at the State Police laboratory disclosed the presence of marijuana residues in all the seized pipes, and the various seized vegetable matters were analyzed and it was discovered that except for some ordinary pipe tobacco, the material was marijuana and aggregated approximately 3½ ounces. We have no difficulty in affirming the criminal nuisance conviction (Penal Law, § 240.45). Appellant contends that he was not at the time specified in the indictment, the time of the raid on April 27, 1968, actually "conduct[ing] or maintain[ing] any premises, place or resort where persons gather for purposes of engaging in unlawful conduct." (Penal Law, § 240.45, subd. 2.) However, from appellant's own testimony and that of the subtenant the jury could properly come to the conclusion that on or about April 27, 1968 the appellant at least acquiesced in his apartment's use as a gathering place for marijuana smokers (*People* v. *Campbell*, 45 Misc 2d 201), and knowledge coupled with acquiescence is sufficient under the statute. However, the possession convictions (Penal Law, § 220.15 and Public Health Law, § 3395) cannot in our opinion be sustained. Clearly actual possession was not established, and while we feel, despite any significant decisions in this State, that a theory of constructive possession can sustain conviction (see *People* v. *Nettles*, 23 Ill. 2d 306, cert. den. 369 U. S. 853), the evidence in the present record is insufficient to sustain criminal possession even under such a theory. In *People* v. *Nettles* (*supra,* pp. 308–309) the Illinois Supreme Court stated: "We are of the opinion, therefore, that where narcotics are found on the premises under the control of defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts and circumstances which might leave in the mind of the jury, or of the court where a jury is waived, a reasonable doubt as to his guilt." It is thus control of the premises which gives rise to the inference of unlawful possession and mere access by other persons is insufficient to defeat a charge of constructive possession (*People* v. *Mack*, 12 Ill. 2d 151). Moreover, an inference of guilt is even permitted where the premises are not owned or leased by the defendant but the defendant is in the apartment at the time of the narcotics raid (*People* v. *Williams*, 75 Ill. App. 2d 50; *People* v. *Flores*, 162 Cal. App. 2d 222). Here the evidence

would warrant the implicit finding that the apartment in this case was still the premises of the appellant in the sense that some of his belongings still remained there (above those retained as security by his landlord) and were not abandoned, and that some of the seized drug was in a container near his pipes in his work room, but there was also testimony that the appellant had substantially ceased to live in the apartment for at least a week, that the door was usually open, that several other persons who had in the past used marijuana were in the apartment on the night of the raid, and that people came in to use or borrow the paints and artists' supplies in the paint room which testimony is sufficient in the instant case in our view to supply reasonable doubt as to the issue of control. Nor does the mere fact that several items of contraband were found among appellant's personal effects establish possession under the statutes (see *United States* v. *Landry,* 257 F. 2d 425, 431). We find no merit in appellant's additional contentions. Judgment of conviction modified, on the law and the facts, so as to vacate the conviction under section 220.15 of the Penal Law and section 3995 of the Public Health Law, and to reduce the sentence under section 240.45 of the Penal Law to three months confinement in the Cortland County Jail, and, as so modified, affirmed. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.