772 P.2d 898

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Douglas BRIETAG, Defendant–Appellant.**

No. 10,679.

Court of Appeals of New Mexico.

March 14, 1989.

Hal Stratton, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

James B. Foy, Foy, Foy & Jollensten, Silver City, for defendant-appellant.

OPINION

MINZNER, Judge.

Defendant appeals his convictions for possession of cocaine, methamphetamine, and marijuana, with intent to distribute all three, and conspiracy to distribute controlled substances. Defendant's sole issue on appeal is whether the evidence presented at trial was sufficient to support his convictions. Because we find the evidence insufficient to support a finding that defendant was in constructive possession of contraband, we reverse.

FACTS.

On May 1, 1987, police executed a search warrant at 636 South Miranda in Las Cruces. The house was rented to defendant,

under the name John King, by the Elephant Butte Irrigation District in a rental agreement dated July 1, 1986. Police placed the house under surveillance during April 1987; the surveillance ended several days before the warrant was executed.

Many persons, including defendant, were observed coming to and going from the house. Police observed defendant at the house all night on at least one of two occasions when they maintained an all-night surveillance of the residence. One of the officers involved in the surveillance testified she was not sure who was living at the house. Seven or eight people were at the house when the warrant was executed. The agent testified that she recognized some of these individuals as those who had stayed all night during her surveillance. Police said they frequently observed a Michael Hulting at the house and assumed he was living there. On the night of the search, Hulting told police he had been staying at the house for about one month.

When police searched the residence, they found thirty grams of cocaine in the southeast bedroom and approximately one pound of marijuana in the laundry room. None of defendant's personal possessions were found in these rooms. Police also searched the southwest bedroom of the house. This bedroom contained a waterbed, a nightstand, a small table, a dresser, and a bookcase. Marijuana and methamphetamines were found in the first drawer of the nightstand. A small, silver spoon containing cocaine residue and a razor blade were found in the second drawer of the nightstand, along with a photograph of defendant and two savings bonds payable to a Dustin Wallace. Three blank checks were also found in the second drawer. Two of the checks were drawn on the account of a Tracy Ann Sweat and the third on the account of a Shelly Newsome.

Police seized methamphetamines from a drawer beneath the waterbed. They found numerous other papers in the waterbed drawers, including envelopes and papers with assorted names on them. On the table, police found a triple-beam scale, a powder preparation system, baggies, a piece of plate glass, and straws. They also discovered marijuana in a paper sack under the table.

Other items were found throughout the southwest bedroom. In a closet, the police found twelve rifles and handguns, along with ammunition, and a wallet containing $5,000.00. Rent receipts made out to defendant were found on the bookcase. Also discovered were a birth certificate in defendant's name, electric bills addressed to him, and photographs of him with family members. Other papers with various names were found in the bedroom. Telephone bills and hunting notices were found in the bookcase. Police could not say to whom these items were addressed.

A pile of clothing including jeans, shirts, and T-shirts was found in the bedroom; however, police were unable to say whether the clothing would have fit defendant, a very large man. A small notebook, socks, and underwear were found in the dresser, along with a sawed-off shotgun and other papers. The state presented no testimony concerning the ownership of these items and offered no fingerprints as evidence at trial.

Defendant was not at the house when the warrant was executed. He was arrested later at an address outside the Las Cruces city limits. Cindy Savage, a friend of defendant's, testified that defendant had been renting a room in her mobile home and living with her for about a month prior to the search.

SUFFICIENCY OF THE EVIDENCE.

To determine whether the evidence presented was sufficient to sustain the verdict, we must decide whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction. *State v. Sutphin*, 107 N.M. 126, 753 P.2d 1314 (1988). We view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict. *Id.; State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). We do not reweigh the evidence and may not substi-

tute our judgment for that of the fact finder, so long as there is sufficient evidence to support the verdict. *Id.*

In drug cases, proof of possession may be established by evidence of the conduct and actions of a defendant, and by circumstantial evidence connecting defendant with the crime. *State v. Donaldson,* 100 N.M. 111, 666 P.2d 1258 (Ct.App.1983). Proof may be of actual or constructive possession.

■■■ It is undisputed that defendant did not have actual possession of the drugs. Constructive possession exists when the defendant has knowledge of the presence of the drug and control over it. *State v. Montoya,* 85 N.M. 126, 509 P.2d 893 (Ct. App.1973). Where a defendant is not in exclusive possession of the premises on which drugs are found, an inference of constructive possession cannot be drawn unless there are incriminating statements or circumstances tending to support the inference. *State v. Herrera,* 90 N.M. 306, 563 P.2d 100 (Ct.App.1977); *State v. Bowers,* 87 N.M. 74, 529 P.2d 300 (Ct.App.1974).

■ The state does not argue that defendant had exclusive possession of the premises on which the drugs were found. Although the state successfully proved that defendant was the lessee of the premises, defendant was absent from the house when the contraband was seized, and the residence was clearly open and used by numerous individuals. Accordingly, in order to sustain defendant's convictions, we must determine whether there were incriminating statements or circumstances tending to support an inference that he constructively possessed the drugs. *State v. Herrera; State v. Bowers.* Our review of the record has failed to reveal such statements or circumstances.

The state argues that because the police found defendant's personal effects in the southwest bedroom, the jury was entitled to find he constructively possessed the drugs found in that bedroom. We disagree.

Where drugs are found on premises that a defendant does not exclusively possess, the fact that they are found in close proximity to his personal belongings may be a circumstance sufficient to link him with the possession of those drugs. *Gary v. State,* 473 So.2d 604 (Ala.Crim.App.1985); *see generally* Annot., *Conviction of Possession of Illicit Drugs Found in Premises of Which Defendant Was in Nonexclusive Possession,* 56 A.L.R.3d 948, § 10 (1974). The question is whether there exists a rational connection between the location of the drugs and defendant's probable knowledge and control of them. *Gary v. State.* The presence of drugs in a drawer in a defendant's bedroom, when defendant's papers were also in the drawer, supports an inference that defendant exercised control over the drawer's contents and knew the drugs were present. *People v. Richardson,* 139 Mich.App. 622, 362 N.W.2d 853 (1984).

In *O'Brien v. State,* 422 N.E.2d 1266 (Ind.Ct.App.1981), the court said: "Because bedrooms are usually private areas of a house and dresser drawers are especially private, evidence indicating *sole* occupancy of a bedroom supports a logical inference of control and knowledge of the room's contents by the usual occupier." *Id.* at 1272. (Emphasis added.) In this case, however, the police found the personal possessions of several people throughout the southwest bedroom, including checks, savings bonds, and papers bearing names other than defendant's. Moreover, there was absolutely no evidence linking defendant to the clothing or to the bills and hunting notices found in the bedroom. There was no testimony concerning ownership of the weapons and ammunition, the wallet containing the cash, or the notebook found in the dresser.

We believe the evidence was insufficient to permit an inference that only defendant occupied the southwest bedroom. *Cf. O'Brien v. State* (evidence provided no basis for inference that anyone other than defendant occupied bedroom). Rather, the evidence indicated that the house was used as a "crash pad" and that the southwest bedroom was in fact occupied by a number of people. Thus, we do not think the state has established a rational connection be-

tween the location of the drugs and defendant's knowledge and control sufficient to prove constructive possession beyond a reasonable doubt.

It is significant that defendant was absent from the house, and had been absent for some time, when the search warrant was executed. When the owner or lessee is absent from the premises at the time of the search and at least one other person has unfettered access, dominion, and control over the premises, the presence of contraband at the residence is not sufficient to establish constructive possession. *See Pier v. State*, 400 N.E.2d 209 (Ind.Ct.App.1980); *People v. Wolski*, 27 Ill.App.3d 526, 327 N.E.2d 308 (1975); *Moreland v. State*, 133 Ga.App. 723, 212 S.E.2d 866 (1975); *Griffin v. State*, 276 So.2d 191 (Fla.Dist.Ct.App. 1973); *People v. Schriber*, 34 A.D.2d 852, 310 N.Y.S.2d 551 (1970); and *People v. Antista*, 129 Cal.App.2d 47, 276 P.2d 177 (1954). The inference of knowledge and control of drugs, based on proximity to personal belongings, arises from the extent of control the owner or lessee exercises over the area where drugs are found. *See People v. Schriber*. Where others are exercising dominion and control over the premises and a defendant owner or lessee is absent, the inference that the defendant is in possession of drugs requires additional facts that connect the defendant to the location of the drugs. The facts should support an inference that the defendant must have known of and controlled the drugs.

In *Schriber*, the defendant rented an apartment above a restaurant. At the time of the search, defendant was not present. In fact, the defendant had not lived in the apartment for at least a week; however, some of his belongings were still on the premises. Police found three of his friends at the apartment and his subtenant asleep in her bedroom. There was evidence that the door was usually open. The court noted that several persons who had used marijuana in the past were in the apartment on the night of the raid, although there was no indication of smoking at the time police arrived. Police found marijuana and various items of paraphernalia in various rooms throughout the apartment.

The New York court noted that where the defendant owned or leased the premises, a finding of constructive possession is possible even if others have access to the premises. However, where others are exercising dominion and control over the premises, and the lessee is absent, the presence of contraband among the lessee's personal effects does not establish the lessee's dominion and control over the contraband. *Id.* 34 A.D.2d at 854, 310 N.Y.S.2d at 553. Something more is needed.

In *Pier*, the court declined to find constructive possession in an absent cotenant. There the defendant, who was convicted of possession of marijuana, shared an apartment with a woman and her two children. While defendant was in custody on assault and battery charges, police searched his apartment to find the weapon used in the alleged battery. Police found a box containing marijuana in a bedroom closet, along with women's clothing and jewelry, men's shirts, and other items. Police also found a small plastic bag with marijuana in a dresser that contained men's underwear and socks. A sack containing a box with marijuana and a man's ring was found beside the dresser, and a leather bag containing marijuana was found in a box on the bedroom floor.

The Indiana appellate court reversed defendant's conviction. The court reasoned that defendant's absence from the residence for forty-eight hours, coupled with the fact that others had access to the premises, precluded a conviction based upon constructive possession.

Here, as in *Schriber* and *Pier*, defendant was absent from the premises while the warrant was being executed, and there was no evidence as to his last visit. The state's surveillance of the house in the present case ended several days before the execution of the warrant. The apartment was accessible to others, and, while some of defendant's possessions were found near the contraband, the possessions of other persons were also found nearby. Thus, the evidence does not support an inference that

defendant exercised dominion and control over the drugs. Under these circumstances, the evidence is insufficient to support a finding of constructive possession.

These facts serve to distinguish the present case from cases on which the state relies. In most of the out-of-state cases cited, the defendant was present at the time of the search. *See, e.g., Potts v. State*, 458 A.2d 1165 (Del.1983); *State v. Flowers*, 12 N.C.App. 487, 183 S.E.2d 820 (1971). Moreover, generally there was no mention of items belonging to others being found in the bedrooms. *See, e.g., Gary v. State; Commonwealth v. Keefer*, 338 Pa. Super. 184, 487 A.2d 915 (1985). In other cases, drugs were found in a container belonging to the defendant, or even in a dresser drawer containing only the defendant's possessions. *See, e.g., State v. Wiley*, 348 N.W.2d 86 (Minn.Ct.App.1984); *People v. Richardson*. This is not such a case.

On these facts, there is insufficient evidence to show that defendant had the requisite knowledge and control over the drugs to impute possession to him. Because the conspiracy charge was based upon the same evidence as that supporting possession, that conviction must be reversed as well. *See Petty v. People*, 167 Colo. 240, 447 P.2d 217 (1968). Because the convictions are reversed for insufficient evidence, the cause must be remanded with instructions to dismiss. *State v. Losolla*, 84 N.M. 151, 500 P.2d 436 (Ct.App.1972). CONCLUSION.

Defendant's convictions are reversed. The trial court is directed to dismiss the charges and discharge defendant.

IT IS SO ORDERED.

BIVINS, C.J., and ALARID, J., concur.