This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                      **No. 31,640**

**JOSE A. ANAYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Matthew G. Reynolds, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Kathleen T. Baldridge
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for possession of heroin. We issued a calendar notice proposing to affirm. Defendant has responded with a timely memorandum in opposition. Not persuaded, we affirm.

Defendant's sole issue on appeal has been a challenge to the sufficiency of the evidence to support his conviction for possession of a controlled substance (heroin). [MIO 2] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citations omitted).

In order to support his conviction, the evidence had to show that Defendant intentionally possessed heroin. [RP 1] *See* NMSA 1978, § 30-31-23 (2011). Defendant's primary claim is that there was insufficient evidence of possession, because the heroin was not found on his person, there was no DNA or fingerprint evidence linking him to the heroin, and there were other people in his residence when the heroin was found. [DS 3, 5; MIO 2] The State may prove possession with evidence of constructive possession, which exists when the accused has knowledge of drugs or

paraphernalia and exercises control over them. *See State v. Brietag*, 108 N.M. 368, 370, 772 P.2d 898, 900 (Ct. App. 1989). When a defendant does not have exclusive control over the premises where the drugs are found, the mere presence of the contraband is not enough to support an inference of constructive possession. *Id.* at 371, 772 P.2d at 901. Additional circumstances or incriminating statements are required. *Id.* The accused's own conduct may afford sufficient additional circumstances for constructive possession. *See State v. Donaldson*, 100 N.M. 111, 118-19, 666 P.2d 1258, 1265-66 (Ct. App. 1983).

In his memorandum in opposition, Defendant claims that the State had to rely on "inference upon inference" to show possession. [MIO 5] We disagree. The officers found the heroin in Defendant's residence during the execution of a search warrant. [RP 100] The heroin was found inside a plastic soap box, in a bathroom near where Defendant and his girlfriend had been sleeping. [RP 100, 102] Although there were other people in the residence, they were in a far room. [RP 101] After the heroin was discovered in the plastic container, Defendant stated that he had a drug problem and that the plastic container was his. [RP 103] Defendant's argument ignores this admission, but he does not challenge our reliance on the tape log and our reference to the admission that the container was his. [MIO 5; RP 103] Given the admission of the drug problem and ownership of the plastic container, as well as the

3

other circumstances supporting constructive possession, we conclude that the evidence was sufficient to support Defendant's conviction. *See State v. Muniz*, 110 N.M. 799, 800-802, 800 P.2d 734, 735-37 (Ct. App. 1990) (finding that the defendant's statements provided sufficient inference of constructive possession).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**J. MILES HANISEE, Judge**