This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                      **No. 32,903**

**JOHNNY JESSIE CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant appeals from an order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend the docketing statement and with a memorandum in opposition. We hereby deny the motion to amend for the reasons discussed below. We affirm the district court revocation of Defendant's probation.

{2}     Initially, we note that all references to the record proper will be to the volume in proceeding D-905-CR-02008-00530.

**Motion to Amend**

{3}     Defendant has filed a motion to amend the docketing statement to add a new issue. *See* Rule 12-208(F) NMRA. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or

jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91.

**{4}** Here, Defendant is seeking to add the issue of whether his probation hearing was timely held. *See* Rule 5-805(G) NMRA (providing time lines for hearings after there is a recommendation that probation be revoked). However, Defendant concedes that defense counsel had agreed to an extension for a period that included the date of the probation hearing. [MIO 8-9] As such, he may not claim court error. *See Proper v. Mowry*, 1977-NMCA-080, ¶ 69, 90 N.M. 710, 568 P.2d 236 (noting as a general rule appellant cannot take advantage of "invited error"). We therefore conclude that the issue is not viable on direct appeal.

**Sufficiency of the Evidence**

**{5}** Defendant continues to challenge the sufficiency of the evidence to revoke his probation with respect to the findings that he was in possession of firearms and alcohol. [MIO 4] A district court may revoke a defendant's probation, after a hearing, if the State establishes that the defendant failed to comply with a condition of probation. *State v. Parsons*, 1986-NMCA-027, ¶ 19, 104 N.M. 123, 717 P.2d 99. The state must prove a violation of a condition of a defendant's probation to a reasonable certainty. *Id.*

**{6}** Defendant's specific claim continues to be that there was insufficient evidence of constructive possession. [MIO 5] Constructive possession exists when the accused has knowledge of the prohibited items and exercises control over them. *See State v. Brietag*, 1989-NMCA-019, ¶ 14, 108 N.M. 368, 772 P.2d 898. When the accused does not have exclusive control over the premises where the items are found, the mere presence of the items is not enough to support an inference of constructive possession. *Id.* Additional circumstances or incriminating statements are required. *Id*.

**{7}** In this case, we conclude that the State provided sufficient additional evidence to support the court's conclusion. There was testimony that Defendant's wallet and a receipt bearing Defendant's name were found next to a handgun, which was in the same room as an assault rifle. [RP 178] This type of proximity is enough to support a finding of constructive possession.

**Confrontation**

**{8}** Defendant continues to argue that his right to confrontation was violated when a witness testified about an anonymous tip he received that Defendant had moved into a different residence. [MIO 6] Pursuant to *State v. Guthrie*, 2011-NMSC-014, 150 N.M. 84, 257 P.3d 904, our inquiry in determining whether good cause existed for not requiring confrontation is "the need for, and utility of, confrontation with respect to the truth-finding process and in light of the particular case at hand, including the

4

specific charge pressed against the probationer." *Id.* ¶ 43. Because due process "is flexible and calls for such procedural protections as the particular situation demands[,]" the determination of good cause, "is based on a case-by-case analysis." *Id.* ¶ 33 (internal quotation marks and citation omitted). Under *Guthrie*, our courts are to consider: (1) whether "the assertion [is] central to the reasons for revocation[ ] or ... collateral," *id.* ¶ 34; (2) whether "the assertion [is] contested by the probationer, or is the state merely being asked to produce a witness to establish something that is essentially uncontroverted," *id.* ¶ 34; (3) whether the assertion is "inherently reliable," *id.* ¶ 36; (4) whether the testimony is the sort of testimony that the declarant would only remember by reference to her records even if she were to testify in person, *id.* ¶ 37; and (5) whether the declarant's observations are subjective or objective. *Id.*

{9}     In this case, even if, after applying *Guthrie*, we were to conclude that the district court erred in allowing the officer to testify about the out-of-court statement, we believe that such error is harmless because the testimony was cumulative to the officer's other testimony to support the probation violation. *See generally State v. Tollardo*, 2012-NMSC-008, ¶ 43, 275 P.3d 110 (describing the harmless error analysis). Specifically, the officer stated that he had repeatedly been unable to find Defendant at his registered residence, and that an investigation led him to the residence where he ultimately found Defendant to be living. [RP 177-80] In addition,

5

the district court specifically relied on evidence, other than the out-of-court statement, that indicated that Defendant had changed residences. [RP 180] In light of the fact that this was a bench trial, we may presume that the district court disregarded the out-of-court statement and relied on this other evidence in support of the violation. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (noting that there is a presumption of correctness in the rulings or decisions of the trial court).

[10} In light of the foregoing, we affirm.

{11} **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Chief Judge**


_____

**JONATHAN B. SUTIN, Judge**