This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **No. 34,312**

**RONDY McDONALD,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1} Defendant appeals his conviction for misdemeanor possession of a controlled substance. [RP 157] Our notice proposed to affirm, and Defendant filed a memorandum in opposition (MIO). We remain unpersuaded by Defendant's arguments and thus affirm.

{2} In issue (1), Defendant continues to challenge the second element of the submitted uniform jury instruction for possession of a controlled substance, which required the jury to find that Defendant "knew it was Alpha-PVP or believed it to be some drug or other substance the possession of which is regulated or prohibited by law." [RP 101; DS 4; MIO 2] Defendant asserts that the instruction "misinstructed on the mens rea required to possess a controlled substance" because it did not require the jury to find that Defendant knew he possessed the controlled substance he was found with – Alpha-PVP. [MIO 3] As we pointed out in our notice, however, the first element of the submitted jury instruction specifically required the jury to find that Defendant had Alpha-PVP in his possession [RP 101] and, as provided in the committee commentary to UJI 14-3102, "accurate knowledge of the identity of the controlled substance is [nonetheless] not controlling; the crime is complete if the defendant believed he possessed *some* controlled substance." Because the jury found both that Defendant had Alpha-PVP in his possession and knew or believed it to be

2

Alpha-PVP, or a drug that was prohibited, we conclude that the submitted UJI was proper.

{3}  In issue (2), Defendant continues to argue that he was prevented from presenting a defense when the district court refused to allow him to call a rebuttal witness. [DS 5; MIO 3] Defendant's docketing statement provided no facts and articulated no basis for this issue. In response to our notice Defendant has provided additional information. Specifically, Defendant asserts that "his paramour would often spend the night and had some of her possessions" at his house [MIO 1] and that the paramour "was likely the true owner of the Crown Royal bag." [MIO 5] Defendant further provides that his [now ex] paramour or girlfriend refused to cooperate with him on the defense [MIO 2] and that "[w]hen [the probation officer] testified that he lived there alone, he was gobsmacked" because he thought his probation officer was aware that the girlfriend spent the night at his house and left her possessions there. [MIO 3] As a consequence, Defendant argues, he "should have been allowed to call his neighbor/acquaintance [as a rebuttal witness] to testify that he had a steady girlfriend who spent the night and left various personal items at his house." [MIO 3-4] While this additional information is helpful in that it clarifies the basis of Defendant's argument, as pointed out in the notice, Defendant nevertheless did not disclose the rebuttal witness until the day of trial. [RP 138] On this basis we conclude that it was

3

within the district court's discretion to deny his request to call the neighbor as a rebuttal witness. *See State v. Guerra*, 2012-NMSC-014, ¶ 32, 278 P.3d 1031 ("A defendant's right to present evidence on [her] own behalf is subject to [her] compliance with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." (internal quotation marks and citation omitted)).

{4} In issue (3), Defendant continues to argue that the evidence was insufficient to show that he possessed Alpha-PVP because "the State failed to prove exclusive control of the room where the illegal substance was located." [DS 5; MIO 6-7; RP 130, 136-37, 142] As support for this argument, Defendant argues in his MIO that he did not have exclusive control over the premises because his girlfriend used to spend a lot of time at his house and that the Crown Royal bag actually belonged to her. [MIO 2, 7] Contrary to this view of the evidence, however, and as emphasized in our notice, the probation officer testified that the residence belonged to Defendant [RP 129, 136, 139] and the Crown Royal bag was found on a dresser in a bedroom which Defendant identified as being his bedroom [RP 129, 137, 139], with no indication that anyone else was in the house. [RP 139] *See State v. Brietag*, 1989-NMCA-019, ¶ 14, 108 N.M. 368, 772 P.2d 898 (stating that "evidence indicating sole occupancy of a bedroom supports a logical inference of control and knowledge of the room's contents

4

by the usual occupier" (internal quotation marks and citation omitted)). Despite Defendant's view otherwise, we hold that the jury could have relied on this evidence to infer that Defendant possessed the Crown Royal bag and its contents. *See, e.g., See State v. Becerra*, 1991-NMCA-090, ¶ 13, 112 N.M. 604, 817 P.2d 1246 (providing that a defendant's conduct and actions, as well as circumstantial evidence, may sufficiently prove constructive possession).

{5}     Lastly, in issue (4), Defendant continues to challenge the sufficiency of the evidence to show that he possessed Alpha-PVP. *See generally State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the standard of review). Defendant specifically challenges the finding that he knowingly possessed this substance [DS 5; MIO 6], pointing out that the substance in the Crown Royal bag was "professionally packaged and labeled as 'Bullet Premium Glass Cleaner.'" [MIO 6] While Defendant professed to have never seen the Crown Royal bag and its contents [DS 3] and asserts that he "could have believed that this girlfriend brought him a better glass cleaner" [MIO 6], the jury was free to disbelieve Defendant's version of the events. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). In doing so, the jury could have reasonably considered the probation officer's testimony that Crown Royal

5

bags are commonly used to hide illegal drugs [DS 3] to find that Defendant knew that the substance inside the bag on his bedroom dresser was an illegal substance, Alpha-PVP. *See State v. Doe*, 1984-NMCA-114, ¶ 22, 103 N.M. 178, 704 P.2d 432 (recognizing that "knowledge that an object is a narcotic drug can be proven circumstantially") [MIO 6]; *see also State v. Sparks*, 1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as evidence that a reasonable person would consider adequate to support a defendant's conviction).

{6}     For the reasons discussed above and in our notice, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**J. MILES HANISEE, Judge**

6