This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                         **No. A-1-CA36248**

**GLORIA GALAVIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant Gloria Galaviz appeals her jury convictions for one count of

possession of a controlled substance (methamphetamine) and one count of possession of drug paraphernalia. [RP 116-17, 142-45] We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded.

{2} In her docketing statement, Defendant challenged the sufficiency of the evidence to support her jury convictions. [DS 3-4; RP 116-17, 142-45] She asserted that the methamphetamine and drug paraphernalia that were found in the middle console of the vehicle that she was driving did not belong to her and "could have been put in the console by someone else, including the two passengers." [DS 3] Our notice of proposed disposition set forth the relevant facts and the law that we believed controlled. [CN 1-6]

{3} We stated that, for count one, the State was required to prove that Defendant had knowledge of the methamphetamine and that she exercised control over it. [CN 4] *See State v. Brietag*, 1989-NMCA-019, ¶ 11, 108 N.M. 368, 772 P.2d 898 ("Constructive possession exists when the defendant has knowledge of the presence of the drug and control over it."). Additionally, for count two, the State was required to prove that Defendant "had a glass pipe and small plastic bags in her possession." [CN 4 (quoting RP 104)] *See id.*

{4} In proposing to conclude that there was sufficient evidence from which the jury

could conclude that Defendant had knowledge and control of the methamphetamine, glass pipe, and small plastic bags, we noted that the pipe and small plastic bag were found in the middle console of the vehicle that Defendant was driving, and the pipe and bag each contained a substance that tested positive for methamphetamine. [CN 4] We further noted that a photograph of the console was admitted into evidence and showing the pipe near an insurance card with Defendant's name on it. [CN 4-5] We suggested that it was reasonable for the jury to infer that Defendant either placed the pipe and small plastic bag with methamphetamine in the middle console or became aware of them at some point while in possession of the vehicle. [CN 5] *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970 (stating that "knowledge" is generally circumstantial in nature and inferred from circumstances). In response, Defendant makes two distinct arguments—one related to the methamphetamine and one related to the drug paraphernalia. [MIO 4-9]

{5}    With respect to Defendant's challenge of the sufficiency of the evidence to support her conviction for methamphetamine, Defendant asserts that "methamphetamine was found in a wallet inside a make-up case somewhere in the car and residue was found in the backseat passenger area where [Defendant's] two female passengers were seated[,]" and even though these items were in Defendant's car, "there was no evidence introduced to suggest that she placed the items there or knew

3

of their existence." [MIO 6] She maintains that the methamphetamine could have belonged to one or both of the passengers. [MIO 7] However, Defendant's response does not address this Court's proposed conclusion that it was reasonable for the jury to infer that Defendant either placed the pipe and small plastic bag with methamphetamine in the middle console or became aware of them at some point while in possession of the vehicle. [*See generally* MIO] Therefore, we are not convinced that our analysis or proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6}     With respect to Defendant's challenge of the sufficiency of the evidence to support her drug paraphernalia conviction, Defendant argues that the State was required to prove beyond a reasonable doubt that drug paraphernalia was on Defendant's person, because the jury was not given a constructive possession instruction for the possession of drug paraphernalia charge. [MIO 8-9] Although Defendant is correct that the only jury instruction given defining "possession" pertained to "possession of methamphetamine" [RP 103], we are not persuaded by her argument.

{7}     In *State v. Barber*, 2004-NMSC-019, ¶ 1, 135 N.M. 621, 92 P.3d 633, the

4

defendant appealed from his conviction of possession of methamphetamine with intent to distribute, and our Supreme Court considered "whether the absence of a jury instruction defining possession constitutes fundamental error and requires a new trial." The Court determined that, even though the defendant would have been entitled to a jury instruction defining possession if trial counsel had requested the instruction, the trial court's failure to give the definition did not constitute fundamental error. *Id.* ¶¶ 1, 13-32. Additionally, the Court concluded that the jury instruction given for possession of methamphetamine with intent to distribute, "even though arguably ambiguous without defining possession, did not create confusion in the jury that would undermine the reliability of the verdict and the integrity of our judicial system." *Id.* ¶ 32.

{8} In the present case, Defendant is not arguing that the trial court's failure to give the constructive possession instruction constituted fundamental error. [*See* MIO 8-9] Instead, she is arguing that, in the absence of the constructive possession instruction, the jury was required to find actual possession. [MIO 8-9] On this point, we agree with the analysis set forth in *Barber*:

> Even though the jury was not instructed that it must find [the d]efendant had both knowledge and control over the drugs, no distinct possibility exists from the evidence that the jury convicted [the d]efendant without finding all the elements beyond a reasonable doubt. . . . [W]e believe that if the jury misunderstood the meaning of "possession," it would probably not be because the jury equated "possession" with "mere proximity,"

5

rather it would be because the jury equated "possession" with "ownership." Such a misunderstanding actually would have placed a greater burden on the prosecution, because ownership would be more difficult to prove than possession alone.

*Id.* ¶ 26.

{9} As discussed in our notice of proposed disposition and above, viewing the evidence in the light most favorable to the State, there was sufficient evidence from which the jury could conclude that Defendant possessed the glass pipe and small plastic bags, which contained methamphetamine. [CN 5] *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.").

{10} In her docketing statement, Defendant asserted that she received ineffective assistance of counsel because trial counsel did not subpoena the two female passengers in the car to testify at trial and ask them whether they placed the methamphetamine and drug paraphernalia in the console. [DS 3-4] We proposed to conclude that Defendant failed to establish ineffective assistance of counsel. [CN 6-7] *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

{11} In response, Defendant's memorandum in opposition advances no new

6

arguments with respect to this issue. Instead, she "maintains that the passengers' testimony *could have* supported her defense that she did not possess either methamphetamine or paraphernalia, thus supporting an acquittal on both counts." [MIO 11 (emphasis added)] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{12}** Because Defendant has not met her burden to establish ineffective assistance of counsel, her requested relief is denied. This decision does not preclude her from pursuing this claim in a habeas corpus proceeding where a full record can be developed. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517 (raising ineffective assistance claim on direct appeal does not preclude a defendant from subsequently pursuing habeas corpus action during which more facts can be developed).

**{13}** Accordingly, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

**{14}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

7

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**STEPHEN G. FRENCH, Judge**