This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39138**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**THOMAS GUTIERREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Defendant appeals the sufficiency of the evidence to support his conviction for possession of methamphetamine. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his MIO, Defendant continues to argue that the evidence was insufficient to support his conviction because his proximity to the methamphetamine found in the car he was driving could not establish constructive possession when he did not have exclusive control over the vehicle. [MIO 4-5] Defendant contends that the "only evidence

connecting [him] to the methamphetamine was the fact that the methamphetamine was in a car that he had borrowed from somebody else and was found in the same area as debit cards that belonged to [Defendant]." [MIO 5] From this, Defendant contends the jury's inference that he was in constructive possession of the methamphetamine was unreasonable because it was equally as likely that Defendant knew of the methamphetamine as that he did not know of it. [DS 6-7]

**{3}** While we agree in this case that it is both possible that Defendant knew of the methamphetamine and that he did not, we disagree that these two possibilities are equally as likely. *See State v. Morales*, 2002-NMCA-052, ¶ 30, 132 N.M. 146, 45 P.3d 406 ("The question is whether the jury had any evidence that would make it more likely that [the d]efendant knew the substance was hidden under the floor mat, as opposed to the possibility that the substance was put there without his knowledge."), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. As we explained in our notice of proposed disposition, Defendant here was not merely in proximity of the methamphetamine in an area over which he did not have exclusive control. [CN 4-5; MIO 5] Defendant was instead connected to the methamphetamine by his presence in and degree of control over the vehicle during the preceding several days and at the time the methamphetamine was found; the fact that methamphetamine was located on the right rear floorboard near his debit cards; the fact that methamphetamine was located in more than one place within the vehicle; and the fact that other drug paraphernalia was in plain view within the vehicle. [MIO 1-2; CN 4-5] *See State v. Barber*, 2004-NMSC-019, ¶ 28, 135 N.M. 621, 92 P.3d 633 (reasoning that the totality of the circumstantial evidence was sufficient to link the defendant to the contraband by more than just proximity, particularly when a business card found near the contraband was "remarkably similar to cards found in [the d]efendant's wallet"); *Morales*, 2002-NMCA-052, ¶ 32 (concluding that the evidence was sufficient to establish constructive possession where the defendant's conduct was incriminating, the defendant was in control of the vehicle where heroin was hidden, and the heroin was hidden under the driver's side floor mat, right under the defendant's feet); *State v. Breitag*, 1989-NMCA-019, ¶ 17, 108 N.M. 368, 772 P.2d 898 (explaining that "[t]he inference of knowledge and control of drugs, based on proximity to personal belongings, arises from the extent of control the owner or lessee exercises over the area where drugs are found" and noting that facts in addition to proximity to personal belongings are necessary to connect a defendant to the location of the drugs when others are exercising control over the area where the drugs are found *and* the defendant is not present).

**{4}** Based on the totality of this circumstantial evidence, we conclude that the jury had evidence from which it could reasonably infer—and would make it more likely—that Defendant knew of the methamphetamine, as opposed to the possibility that he did not. *See Morales*, 2002-NMCA-052, ¶ 32; *see also* UJI 14-3130 NMRA (defining possession to include that "[t]wo or more people can have possession of a substance at the same time"). That the jury could have inferred otherwise does not change this analysis. *See State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 ("The court should not re-weigh the evidence to determine if there was another hypothesis that would support

innocence or replace the jury's view of the evidence with the appellate court's own view of the evidence."); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

{5}     Defendant has not otherwise asserted any fact, law, or argument in his MIO that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{6}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**