This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39154

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RUBEN LOZANO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant is convicted of trafficking methamphetamine, possession of heroin, and receiving stolen property. [MIO 2] On appeal, Defendant asserts that the evidence offered at trial was insufficient to establish constructive possession. [MIO 4] This Court issued a notice of proposed summary disposition proposing to affirm based upon the presumption of correctness in the decisions of the trial court. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (holding that the appellant's failure to provide the court with a summary of all the facts material to consideration of an issue on appeal necessitated a denial of relief). Defendant has filed a memorandum in opposition to that proposed disposition in which he continues to assert that the evidence

was insufficient. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** The sole issue[1] before this Court on appeal is whether the evidence offered at trial supported the jury's finding that Defendant was in constructive possession of various forms of contraband found with Defendant in a room in which he had been staying. [DS 6] Our notice of proposed summary disposition pointed out that, although Defendant's docketing statement asserted that there was "no evidence" connecting him with the contraband at issue, the record contains material suggesting that "at least three witnesses testified regarding the room in which Defendant was found." [CN 4] We noted that those witnesses appeared to have provided relevant evidence by describing: "the size of the room, how it was furnished, what part of the room Defendant was in, what he was doing, which of the contraband items were within his reach, and what other objects in the room suggested the amount of time he had spent there." [CN 5]

**{3}** We then explicitly instructed Defendant that:

> To the extent that Defendant is asking this Court to review the sufficiency of the evidence offered by the State to support a finding that he was in constructive possession of the contraband at issue in this case, Defendant needs to provide us with a summary of all facts material to a consideration of that issue. Where, as here, an appeal involves a challenge to the sufficiency of the evidence, that summary of the relevant evidence must include the evidence that supports the findings below. If Defendant chooses to pursue his challenge to the sufficiency of the evidence in a memorandum in opposition to this proposed summary disposition, *he should take care to include all such facts* in that memorandum.

[CN 5] (emphasis added) (internal quotation marks and citations omitted).

**{4}** Defendant's memorandum now confirms that:

> [Law enforcement] officers testified that they located [Defendant] and his girlfriend in one of the bedrooms where the substances and firearm were found. [A sheriff's deputy] testified that the items were within [Defendant's] reach on his side of the bed, but no other evidence was offered to prove that the items belonged to him.

[MIO 3] It thus appears that the room was a bedroom, and we further presume from the fact that a witness or witnesses could identify Defendant's "side of the bed" that he was likely in the bed when the officers arrived. Unfortunately, Defendant's memorandum contains no other details from which we could ascertain whether or not the testimony or other evidence established "circumstances tending to support" an inference that

---

1Defendant has abandoned a second issue that was asserted in his docketing statement. [MIO 4 n.3]

Defendant exercised control over the contraband at issue. *State v. Brietag*, 1989-NMCA-019, ¶ 11, 108 N.M. 368, 772 P.2d 898.

**{5}** Because proof of constructive possession generally involves an inference of knowledge and control, the witnesses' testimony in this case regarding the condition of the room in which Defendant was found, as well as Defendant's conduct at the time must be assessed in order to address the sufficiency of the State's evidence. *See, e.g.*, *State v. Phillips*, 2000-NMCA-028, ¶¶ 8-11, 128 N.M. 777, 999 P.2d 421 (relying upon the presence and location of a defendant's other property in a bedroom and also noting that "[t]he accused's own conduct may afford sufficient additional circumstances for constructive possession"). As our calendar notice pointed out, the record suggests that testimony on such topics was received at trial. [CN 4-5] Without knowing more about that testimony, we are in no position to resolve the question of whether a reasonable jury could have found that Defendant was in constructive possession of the contraband.

**{6}** Thus, because Defendant asserts that the State has failed to carry its burden of proof, the facts necessary for our review include, at a minimum, a full summary of the evidence relied upon by the trier of fact below. *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268. Failure to provide this Court with a summary of that evidence, as required by Rule 12-208, NMRA, will generally result in a denial of relief in this Court. *Chamberlain*, 1989-NMCA-082, ¶ 11. We conclude that Defendant has failed to identify any errors of fact or law contained in our proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred).

**{7}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{8}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**