800 P.2d 734

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Joe H. MUNIZ, Defendant–Appellant.**

**No. 11812.**

Court of Appeals of New Mexico.

Sept. 13, 1990.

Certiorari Denied Oct. 18, 1990.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HARTZ, Judge.

Defendant appeals his convictions for trafficking cocaine and possession of mari-

juana with intent to distribute. He challenges the sufficiency of the evidence to support an essential element of each offense: (1) intent to distribute the cocaine and (2) constructive possession of the marijuana. We affirm.

## INTENT TO DISTRIBUTE

■ To establish defendant's guilt of trafficking cocaine in violation of NMSA 1978, Section 30–31–20 (Repl.Pamp.1989), the state had to prove that he had cocaine in his possession, he knew or believed it was cocaine, he intended to transfer it to another, and he committed the offense within New Mexico on or about the alleged date. SCRA 1986, 14–3111 (uniform jury instruction for trafficking by possession with intent to distribute). Pursuant to *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct.App.1985), defendant contests his conviction on the ground that there was insufficient evidence that he intended to distribute the cocaine.

Intent may be proved by inference from the surrounding facts and circumstances, *see State v. Ortega*, 79 N.M. 707, 448 P.2d 813 (Ct.App.1968), such as the quantity and manner of packaging of the controlled substance. *See State v. Bejar*, 101 N.M. 190, 679 P.2d 1288 (Ct.App.1984); *State v. Bowers*, 87 N.M. 74, 529 P.2d 300 (Ct.App.1974). We view the evidence in the light most favorable to the verdict. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). When defendant was arrested on the street during the early afternoon of October 10, 1988, police officers recovered three zip-lock baggies that defendant had pulled out of his shirt pocket and discarded as the officers were approaching him. One baggie was empty. In the other two baggies were seven smaller baggies containing cocaine. The cocaine seized by the officers weighed 2.1 grams. A police expert testified that the cocaine had a street value of $175 to $350 and was packaged like cocaine held for sale. More importantly, as discussed in greater detail in the next section of this opinion, defendant later admitted to police officers that he distributed controlled substances.

From this evidence the jury could properly find that defendant possessed the requisite intent. We affirm defendant's conviction of trafficking cocaine.

## CONSTRUCTIVE POSSESSION

■ Shortly after defendant was arrested, police officers obtained a search warrant for a residence where they thought he lived. Defendant was in jail while the warrant was executed. Present in the residence at the time of the search were an adult woman and some children. One of the officers who had participated in the search testified that the residence appeared to be occupied by a family and that he believed the woman to be defendant's mother.

The officers found marijuana in the closet of one of three bedrooms in the residence. The marijuana was contained in fourteen baggies within a larger baggie. A police expert testified that the smaller baggies usually sold for about $25 each. He described the large baggie as a "stash bag" from which a purchaser would select the smaller baggie of his choice.

Proof of *actual* possession is not necessary to sustain a conviction of possession of marijuana with intent to distribute. NMSA 1978, § 30–31–22 (Repl.Pamp.1989). Constructive possession will suffice. *See State v. Bowers*. Defendant constructively possessed an object not in his physical presence if he knew what it was and exercised control over it. SCRA 1986, 14–130 (uniform jury instruction); *see State v. Montoya*, 85 N.M. 126, 509 P.2d 893 (Ct.App. 1973).

Defendant argues that there was insufficient evidence that he constructively possessed the marijuana, because the state failed to prove that he had exclusive possession of the room in which the marijuana was found. He contends that *State v. Brietag*, 108 N.M. 368, 772 P.2d 898 (Ct. App.1989) requires such proof.

In *Brietag* we held that the evidence did not establish constructive possession of various illicit drugs. As in this case, the drugs were found in a bedroom of a residence during a police search while the de-

fendant was not present. Although the defendant was the lessee of the premises and personal effects of his were found in the bedroom, the bedroom also contained personal possessions of several other people, including checks, savings bonds, and other papers bearing names other than the defendant's. No evidence linked the defendant to other items found in the bedroom, such as clothing, weapons, a wallet, or a notebook. Illicit drugs were also found in a bedroom that contained no possessions identified with the defendant. When officers conducted the search of the residence, they found seven or eight people, some of whom had been identified through two all-night surveillances as having spent a night at the residence.

*Brietag,* however, does not compel reversal in this case. The evidence against defendant here was quite different from the evidence in *Brietag.*[1]

The state's witnesses described three items found in the bedroom during the search of October 10, 1988: the marijuana found in the closet and two envelopes. One envelope was addressed to Joe Muniz at the residence address, and postmarked August 30, 1988. The other was addressed to Jose H. Muniz at the same address, and postmarked September 28, 1988.

Defendant appears to contend on appeal that the state had an obligation to further describe the contents of the bedroom, apparently to establish that each personal item found there belonged to defendant. We disagree. Although *Brietag* held that evidence of the presence of a defendant's personal belongings in a bedroom may not suffice to support an inference that the defendant had exclusive possession of the bedroom when there was also evidence that the bedroom contained a number of personal items belonging to other people, *Brietag* imposes no obligation on the state to account for each item in the bedroom. On the contrary, *Brietag* indicated that silence concerning other contents of the bedroom could not itself defeat an inference of the defendant's possession. *Brietag* reconciled the decision in that case with decisions upholding convictions for constructive possession on the ground that in the other cases "there was no mention of items belonging to others being found in the bedrooms." *Id.,* 108 N.M. at 372, 772 P.2d at 902.

The rule we apply in determining the sufficiency of the evidence is the same rule applied in *Brietag:* Is the evidence, viewed in the light most favorable to the state, sufficient to convince a rational juror beyond a reasonable doubt with respect to every essential element of the offense? *See State v. Brown,* 100 N.M. 726, 676 P.2d 253 (1984). We see no reason to impose an additional artificial requirement that the state provide the jury with an inventory of all items observed in the bedroom.

On the other hand, the sketchiness of the description of the bedroom by the state's witnesses reduces the probative impact of the discovery in the room of two items (the envelopes) bearing defendant's name. Nor did any other evidence at trial compel the conclusion that the bedroom was defendant's exclusive province. A police officer testified that while conducting surveillance on the residence, he had seen defendant enter the house without knocking. But there was no evidence of the dates of the surveillance, and nothing suggested what rooms defendant entered once inside the house. An officer also testified without objection that during the execution of the search warrant it "was indicated that it [the room in which the marijuana was later found] was the bedroom of Joe Muniz"; but he did not identify what or who so indicated.

Nevertheless, defendant could properly be convicted without proof that he was the exclusive occupant of the bedroom. As the jury was instructed in this case, "[t]wo or more people can have possession of an object at the same time." UJI Crim. 14–130;

---

**1.** To support the conviction, the state's answer brief refers to matters in the record that were not presented to the jury. We disregard that evidence. The evidence necessary to sustain a jury verdict must be evidence that was presented to the jury. *See State v. Losolla,* 84 N.M. 151, 500 P.2d 436 (Ct.App.1972).

*see State v. Bauske,* 86 N.M. 484, 525 P.2d 411 (Ct.App.1974). Even if someone else had knowledge of the presence of the marijuana in the bedroom and exercised some control over it, defendant could also have had sufficient knowledge and control to be in constructive possession. The link establishing defendant's knowledge and control was the evidence of his commerce in illicit drugs.

When police officers interviewed defendant in jail after the residence was searched, defendant confessed to distributing controlled substances. He admitted that a black book found in the residence was his. The book contained names with coded numbers. Defendant said that customers would contact him on a pager and leave their code numbers and telephone numbers. (A bill for rent due on the pager was contained in one of the envelopes found in the bedroom.) Defendant would then call the customer, determine what controlled substance the customer needed, and arrange to deliver the drugs.

Thus, the evidence showed that: (1) the black book that defendant used for his drug transactions was kept in the residence, (2) defendant used the bedroom in which the marijuana was found at least to the extent of keeping his correspondence, including a bill for the pager used in his drug transactions, and (3) the marijuana found in the closet was packaged for distribution. One could reasonably conclude that the marijuana was intended for use in defendant's drug business. Taken as a whole, the proof at trial sufficed to support a jury verdict that defendant constructively possessed the marijuana. *Cf. Denton v. State,* 290 Ark. 24, 716 S.W.2d 198 (1986) (constructive possession proved in part through prior drug sale by the defendant). We affirm defendant's conviction for possession of marijuana with intent to distribute.

## CONCLUSION

For the above reasons we affirm defendant's convictions and sentences.

IT IS SO ORDERED.

DONNELLY and CHAVEZ, JJ., concur.