This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                    **No. 30,295**

**VICTOR MORENO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals his conviction of trafficking by possession with intent to distribute. In particular, he contends that the evidence establishing possession was insufficient. In our second notice, we proposed to affirm the conviction. Defendant has timely responded to our proposed summary disposition. We have considered his arguments and not being persuaded, we affirm.

Constructive possession exists when the accused has knowledge of drugs and exercises control over them. *State v. Brietag*, 108 N.M. 368, 370, 772 P.2d 898, 900 (Ct. App. 1989). If he does not have exclusive control over the premises where the drugs are found, the mere presence of the contraband is not enough to support an inference of constructive possession. "Additional circumstances or incriminating statements are required." *State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421. In our second notice, we referred to those additional circumstances in proposing to conclude that the evidence was sufficient to establish constructive possession.

The cocaine was found in the room belonging to Filberto Villegas. Defendant was in the room, along with three others, including Filberto. [RP 120, 158] Defendant asserts that he had considerably less connection with the room than the owners of the home. [MIO 7] It appears, however, that Defendant spent a good deal of time in the room watching television and playing video games. [RP 37-38, 103] The cocaine was

located in a wine glass on a shelf in Filberto's room. We pointed out that forged identification cards for Defendant were also located on that shelf. [RP 38, 111-12] Defendant states that there were other things on that shelf that were not in any way connected to him. [MIO 3] The State was not obligated to account for and connect every item found on the shelf to Defendant. *See State v. Muniz*, 110 N.M. 799, 801, 800 P.2d 734, 736 (Ct. App. 1990). Defendant's forged identification cards were on the shelf in Filberto's room, along with the cocaine.

The police also found a scale containing cocaine residue under a chair near where Defendant had been sitting. [RP 38, 111; State's MIO 3] In the bedroom that was identified as Defendant's, the police found the box for the scale. [RP 110] They also found a number of plastic baggies with cut corners in Defendant's bedroom. [RP 109-10, 159] In Defendant's pants pockets, police found three other plastic baggies, a small amount of marijuana in a separate bag, and $299 in cash. [RP 121] There was testimony that plastic baggies with corners cut off are consistent with trafficking, as is the amount of cash on hand. [RP 114, 122-24]

The evidence was sufficient for a reasonable jury to conclude that Defendant had knowledge of and exercised control over the cocaine that was found in Filberto's bedroom. *See State v. Barber*, 2004-NMSC-019, ¶ 28, 135 N.M. 621, 92 P.3d 633

(noting that evidence establishing direct connection between drugs and the accused can create an inference of control needed for proof of possession).

For the reasons stated herein and in our second calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED**.

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**