This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **NO. 30,658**

**SCOTT HAMILTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Tania Shahani, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals his felony conviction for distribution of marijuana and his misdemeanor conviction for possession of drug paraphernalia. **[RP 111]** Our notice

proposed to affirm. Defendant supplemented the record pursuant to our granting his motion with the search warrant and the affidavit for the search warrant. Defendant also filed a timely memorandum in opposition (MIO) pursuant to a granted motion for extension of time. Defendant lastly moved to amend his MIO to correct a typographical error, and we grant Defendant's request. We, however, remain unpersuaded by Defendant's arguments and therefore affirm.

**Motion to suppress.** Defendant continues to argue that the district court erred in denying his motion to suppress because his statements were obtained in violation of *Miranda*. **[DS 5; RP 50, 61; MIO 6-20]**

As provided in the MIO, officers arrived at Defendant's residence and advised him that they had a search warrant for him and his residence. **[RP 8; MIO 2]** In response, Defendant then volunteered that all his "stuff" was right "there" **[MIO 2]**, and pointed to the couch. **[MIO 3]** An officer then advised Defendant of his *Miranda* rights and continued to talk to Defendant. **[MIO 3]** The officer told Defendant that he was aware that other drugs could be present; that the more Defendant assisted officers, the better off he would be; and that Defendant should be "straight up" with the officers because "he was already in a bad position." **[MIO 3]** Defendant then pointed to another couch and stated that there was a blue bag under a cushion. **[MIO 3]** Officers located the blue bag and inside it discovered some money and six bags

of marijuana. **[MIO 3]** When asked how many bags he intended to sell, Defendant answered two, and added that he smoked marijuana and intended to use it for personal use. **[MIO 3]** Officers also noticed marijuana pipes in the living room, which Defendant admitted belonged to him. **[MIO 3]**

We recognize that Defendant had not yet been advised of his *Miranda* rights at the time he pointed to a couch and admitted that all of his stuff was right there. **[MIO 4, 6]** However, even assuming for purposes of discussion that Defendant was in custody **[MIO 8-14]**, no *Miranda* violation took place because his volunteered statements were given prior to any interrogation. *See State v. Wilson*, 2007-NMCA-111, ¶ 12, 142 N.M. 737, 169 P.3d 1184 (providing that an officer has an obligation to administer *Miranda* warnings when a person is interrogated while in custody); *see also State v. Poller*, 93 N.M. 257, 258, 599 P.2d 1054, 1055 (Ct. App. 1979) (recognizing that there is no *Miranda* violation by the admission into evidence of volunteered statements that are not made in response to interrogation).

We also disagree with Defendant's position that, after he was *Mirandized* **[MIO 3]**, his statements were nevertheless coerced in light of the officer's declaration that the more Defendant said, the more it would benefit him. **[MIO 1, 4, 14, 17]** Even if we viewed the officers' statements as akin to an express or implied promise of leniency in exchange for cooperation, the circumstances do not support a conclusion

3

that Defendant's will was overborne by a coercive atmosphere. **[MIO 14-17]** In this regard, we do not view the officer's arrival at Defendant's house and announcement that Defendant was subject to a search warrant **[MIO 18]** as other coercive elements that, in combination with the officer's statements, overcame Defendant's will. *See generally State v. Sanders*, 2000-NMSC-032, ¶ 10, 129 N.M. 728, 13 P.3d 460 (observing that "merely promising to bring a defendant's cooperation to the attention of the prosecutor is not objectionable"); *State v. Evans*, 2009-NMSC-027, ¶ 43, 146 N.M. 319, 210 P.3d 216 (observing that "threats that merely highlight potential real consequences, or are 'adjurations to tell the truth,' are not characterized as impermissibly coercive").

And finally, even if we agreed that Defendant was subject to a custodial interrogation at the time he made his statements, we would not reverse because the impending search of his home pursuant to the search warrant would have nonetheless revealed the blue bag that contained money and bags of marijuana. **[MIO 19]** *See generally State v. Corneau*, 109 N.M. 81, 90, 781 P.2d 1159, 1168 (Ct. App. 1989) (evidence that was seized unlawfully but would have been seized independently and lawfully in due course is admissible under inevitable discovery rule).

**Sufficiency of the evidence.** Defendant continues to argue that his conviction for distribution of marijuana is not supported by sufficient evidence. **[MIO 20-22]**

4

Defendant's conviction for distribution of marijuana requires findings that Defendant had marijuana in his possession; that Defendant knew it to be or believed it to be marijuana; and that Defendant intended to transfer it to another. **[RP 78]** *See* NMSA 1978, § 30-31-22(A)(1)(a) (2006). Defendant argues specifically that the evidence was insufficient to show that he was *distributing* marijuana. **[MIO 19, 21]**

The facts provide that officers found a blue money bag under the couch in Defendant's residence that contained money and individual bags of marijuana, and that Defendant told officers that he planned on selling two of the seven bags of marijuana. **[RP 8]** We hold that Defendant's conviction is supported both by his statements to the officers, as well as by the discovery of the marijuana and money bag that corroborate his statements. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction).

We thus disagree with Defendant's assertion that the corpus delicti of his distribution offense was based solely on his statements. **[MIO 22]** Apart from his statements, the packaging of the marijuana in individual bags inside a blue bag that contained money is such that a jury, independent of Defendant's statements, could reasonably infer that Defendant was distributing marijuana in exchange for money. *See, e.g., State v. Muniz*, 110 N.M. 799, 802, 800 P.2d 734, 737 (Ct. App. 1990)

(holding that marijuana that was found in a closet that was packaged for distribution supported the defendant's conviction for possession of marijuana with intent to distribute); *cf. State v. Weiser*, 2007-NMCA-015, ¶ 24, 141 N.M. 93, 150 P.3d 1053 (recognizing that where there is no independent evidence of the corpus delicti, a defendant's extrajudicial statement can not be used to establish the corpus delicti).

**Confidential informant.** Defendant continues to argue that his confrontation rights were violated when the district court denied his motion to identify the confidential informant (CI). **[MIO 23; RP 63, 69, 76]**

Because Defendant was not charged with a crime based on any transactions witnessed by the informant, we conclude that the district court properly denied Defendant's motion to disclose the identity of the CI. *See State v. Chandler*, 119 N.M. 727, 733, 895 P.2d 249, 255 (Ct. App. 1995) (holding that the district court did not err in denying disclosure of the CI's identity when the charge against the defendant was not based upon anything witnessed by the CI, but rather upon the police officer's observations and what they found during the search), *holding modified on other grounds by State v. Vargas*, 2007-NMCA-006, ¶ 14, 140 N.M. 864, 149 P.3d 961; *cf.* Rule 11-510(A)(C) NMRA (providing an exception to the privilege to refuse disclosure if a defendant can show in an in camera hearing that the CI can provide testimony that is relevant and helpful to the defense or necessary to a fair

determination of the defendant's guilt or innocence).

Defendant argues that the discrepancy between the amount of marijuana the CI told officers he observed and the amount of marijuana actually found by officers is such that "the informant could have been improperly motivated to set up" Defendant. **[MIO 25]** For this reason, Defendant asserts, the CI's identity should have been disclosed because the CI's testimony would have been beneficial to his defense. **[MIO 25]** We are not persuaded, as Defendant's argument is speculative, and the discrepancy in the amount of marijuana reported and actually found nonetheless does not deter from the evidence supporting the distribution offense. In this regard, the determinative facts are not dependent on the CI's statements, or that the amount of discovered marijuana was smaller than that reported. Rather, the determinative facts supporting Defendant's conviction for the distribution offense are that Defendant stated he intended to sell some of the marijuana and the marijuana was located in a money bag and appeared to be packaged for distribution.

Lastly, to the extent Defendant argues also that the affidavit was insufficient to support the search warrant because the CI was neither credible or reliable **[MIO 24, 25]**, we note that this argument was not raised in the docketing statement. We therefore view it as a motion to amend the docketing statement. This specific argument was not preserved for appeal, as Defendant below argued that the CI's

identity should be disclosed because its testimony could be helpful to the defense. **[RP 63]**  This is a different argument than one premised on invalidating a search because the underlying affidavit in support of the warrant was insufficient.  Because this argument was not raised below, we deny Defendant's motion to amend the docketing statement.  *See State v. Snell*, 2007-NMCA-113, ¶ 25, 142 N.M. 452, 166 P.23 1106 (recognizing that, to preserve an issue for appeal, the issue must have been raised before the district court such that it appears that the appellant fairly invoked a ruling of the district court on the same grounds argued in the appellate court); *State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (arguments offered in support of a motion to amend the docketing statement must be viable).

**CONCLUSION**

Based on the reasoning set forth herein and in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**