This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37150

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FREDERICK LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}** Defendant Frederick Lucero appeals his convictions for possession of methamphetamine, a controlled substance, contrary to NMSA 1978, Section 30-31-23(E) (2011, amended 2019), possession of less than eight ounces of marijuana, contrary to Section 30-31-23(A), and possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1(A) (2001, amended 2019). Defendant argues the district court erred in denying his motion to suppress evidence and that there was

insufficient evidence of constructive possession to support the convictions. We conclude the evidence was insufficient to support Defendant's conviction for possession of marijuana, but otherwise affirm.

**BACKGROUND**

**{2}** This appeal arises from the execution of a search warrant after a fugitive was arrested in Defendant's home. The following facts were undisputed at trial. Officer Daniel Casarez was on patrol when he recognized Anthony Baca, a known fugitive with outstanding warrants, standing in front of Defendant's house. Officer Casarez approached Baca and attempted to arrest him, but Baca retreated into Defendant's house and closed the front door. After police surrounded Defendant's home, other residents of the home, including Defendant (who had been awoken and was not completely dressed), began to exit, leaving the front door open. Officer Casarez testified he smelled a strong odor of marijuana through the open door of Defendant's home and that other residents admitted smoking marijuana inside Defendant's home. After Baca was detained, Officer Casarez requested consent from Defendant and Mia Lopez, the owners of the home, to conduct a search of the house. They declined. Police then sought a search warrant to search the home for controlled substances and paraphernalia.

**{3}** While officers awaited issuance of the search warrant, Defendant asked if he could enter the home so he could put on his pants. Detective Diane Calbert allowed Defendant to put on his pants as long as he was supervised. Detective Calbert's lapel camera footage, admitted at trial, showed Defendant leading the detective into the northeast bedroom, gesturing to a bed where he had been sleeping, and searching the dresser and nightstand for personal items before leaving the room. Police officers subsequently executed the search warrant and seized marijuana from a hanging shoe rack in the corner of the northeast bedroom, methamphetamine from pants on the floor near the bed, and paraphernalia from a dresser and in a box underneath the bed in the northeast bedroom.

**{4}** Following a jury trial, Defendant was convicted of possession of methamphetamine, marijuana, and paraphernalia. Defendant now appeals his convictions.

**DISCUSSION**

**I. Defendant Did Not Preserve His Argument That the Adoption of a Medical Marijuana Regulatory Scheme Has Altered New Mexico's Standard for Constitutional Probable Cause**

**{5}** Defendant argues for the first time on appeal that the probable cause used to obtain the search warrant for his home resulted in unconstitutional seizures under the Fourth Amendment of the U.S. Constitution and Article II, Section 10 of the New Mexico Constitution because New Mexico's medical marijuana regulatory scheme heightens the

requirement of probable cause to *criminal* possession and not possession in general. The State argues Defendant failed to preserve this argument below and that by raising it now, Defendant unfairly prevented the district court from making a ruling on the issue and prevented the State a fair opportunity to address the issue. We agree with the State.

**{6}** "We generally do not consider issues on appeal that are not preserved below." *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 (internal quotation marks and citation omitted). For preservation of an issue, the ruling of the district court must be "fairly invoked." Rule 12-321(A) NMRA. "We require parties to preserve their arguments by making them in the district court, in part, in order to (1) specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *State v. Bregar*, 2017-NMCA-028, ¶ 29, 390 P.3d 212 (omission, internal quotation marks, and citation omitted).

**{7}** Defendant filed a motion to suppress below arguing the search warrant was invalid because it should have been limited to the bedroom where Baca was arrested, and the smell of marijuana was not enough to justify probable cause for a search warrant of Defendant's property. The district court denied Defendant's motion. Because Defendant did not raise the argument that New Mexico's legalization of medical marijuana has changed the standard for probable cause in his motion below or at the suppression hearing, we conclude the argument was not preserved.[1]

**{8}** Defendant contends that even if he failed to preserve this argument below, we should nonetheless make an exception to the preservation rule pursuant to Rule 12-321(B)(2)(a) NMRA because the issue is a "question of general public importance." *See* Rule 12-321(B)(2)(a) (providing that an appellate court has discretion to consider unpreserved matters involving "general public interest"). However, Rule 12-321(B) is discretionary and Defendant only minimally developed an argument as to why this exception applies in his reply brief. *State v. Castillo-Sanchez*, 1999-NMCA-085, ¶ 20, 127 N.M. 540, 984 P.2d 787 ("We will not consider arguments raised for the first time in the reply brief."). Thus, we decline to further consider Defendant's argument.

## II.    Sufficient Evidence Supports Defendant's Convictions for Possession of Methamphetamine and Paraphernalia but Not Marijuana

**{9}** Defendant next argues there was insufficient evidence to convict him for all the charges because the State failed to prove he had constructive possession of the controlled substances and paraphernalia. To test the sufficiency of the evidence, we must evaluate whether substantial evidence, direct or circumstantial, supports "a verdict

---

1 Alternatively, Defendant states in passing that we should address the issue under "fundamental error review," *see* Rule 12-321(B)(2)(d), but develops no arguments as to why we should. *State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that the "appellate court does not review unclear or undeveloped arguments").

of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). We review the "evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Torrez*, 2013-NMSC-034, ¶ 40, 305 P.3d 944. "The question before us as a reviewing [c]ourt is not whether we would have had a reasonable doubt but whether it would have been impermissibly unreasonable for a jury to have concluded otherwise." *State v. Rudolfo*, 2008-NMSC-036, ¶ 29, 144 N.M. 305, 187 P.3d 170. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{10}** To find Defendant guilty of possession of a controlled substance and possession of drug paraphernalia the State had to prove the common element of possession, which Defendant asserts is unsupported by sufficient evidence. *See* § 30-31-23(A) ("It is unlawful for a person intentionally to possess a controlled substance[.]"); *see also* § 30-31-25.1(A) ("It is unlawful for a person to use or possess with intent to use drug paraphernalia[.]"). Because Defendant did not have actual possession of the drugs and paraphernalia on his person, the State had to prove that Defendant had constructive possession. For the State to establish constructive possession, it must demonstrate Defendant knew what the contraband was and where it was located and he exercised control over it. UJI 14-3130 NMRA (defining possession). However, a "person's presence in the vicinity of the [drugs and paraphernalia] or his knowledge of the existence or location of the [drugs and paraphernalia] is not, by itself, possession." *Id.* Instead, the State must prove constructive possession by a "rational connection between the location of the drugs [and paraphernalia] and [the] defendant's probable knowledge and control of them." *State v. Brietag*, 1989-NMCA-019, ¶ 14, 108 N.M. 368, 772 P.2d 898; *see also State v. Chandler*, 1995-NMCA-033, ¶ 10, 119 N.M. 727, 895 P.2d 249 (stating that "[c]onstructive possession exists when a defendant has knowledge of and control over the drugs [and paraphernalia]"). While "constructive possession need not be exclusive[,]" *id.,* "[w]hen the accused does not have exclusive control over the premises where the drugs are found, the mere presence of the contraband is not enough to support an inference of constructive possession," *State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421. *See also Brietag*, 1989-NMCA-019, ¶ 11 ("Where a defendant is not in exclusive possession of the premises on which drugs are found, an inference of constructive possession cannot be drawn unless there are incriminating statements or circumstances tending to support the inference."). However, when drugs and paraphernalia are found "in close proximity to [the defendant's] personal belongings[,]" sufficient circumstances may exist "to link him with the possession of those drugs [and paraphernalia]." *Id.* ¶ 14. As we explain below, there was sufficient evidence to show knowledge and control over the methamphetamine and paraphernalia, but not over the marijuana.

## A.     Methamphetamine and Paraphernalia

**{11}** The State presented sufficient evidence linking Defendant to the methamphetamine and paraphernalia. Defendant and Lopez were the owners of the home, and the drugs and paraphernalia were seized in the northeast bedroom where Defendant and Lopez slept. There was no evidence shown that the northeast bedroom was occupied by anyone other than Lopez and Defendant. While this evidence demonstrates Defendant did not have exclusive control of the northeast bedroom, Defendant's conduct demonstrated that he had knowledge and control of the area of the room and there was ample evidence connecting him to where the methamphetamine and paraphernalia were seized. *See Phillips*, 2000-NMCA-028, ¶ 8 ("The accused's own conduct may afford sufficient additional circumstances for constructive possession."); *see also State v. Muniz*, 1990-NMCA-105, ¶ 15, 110 N.M. 799, 800 P.2d 734 (stating even if more than one person occupies the room where the drugs and paraphernalia are found, the "defendant could also have had sufficient knowledge and control to be in constructive possession").

**{12}** Here, after asking if he could enter his home to put on his pants, Defendant led the police to the northeast bedroom. Inside the bedroom and near his side of the bed, Defendant found his shoes, retrieved his cigarettes, and searched for his lighter while stepping over the pants containing the methamphetamine. Additionally, Defendant waved to his side of the bed where he had retrieved his shoes and cigarettes that were within arm's reach of the seized methamphetamine and the box of paraphernalia containing the needles, spoons, and cotton balls, and told the police officer "We were asleep." Officer Bonner also testified that methamphetamine was found inside the pocket of pants found on Defendant's side of the bed, that it "did not appear [the pants] would" fit anyone else in the house, and that the pants were too small to fit Lopez. *See Brietag*, 1989-NMCA-019, ¶¶ 7, 16 (holding that when "police were unable to say whether the clothing would have fit [the] defendant," the state failed to establish knowledge and control). By showing how Defendant moved about his own room and demonstrating where Defendant kept his personal possessions, the State has shown "circumstances tending to support an inference that [Defendant] constructively possessed the [methamphetamine and paraphernalia]." *Id.* ¶ 12.

## B.    Marijuana

**{13}** The marijuana, however, was located in a different part of the room. While the other seized drugs and paraphernalia were found under or next to Defendant's side of the bed and Defendant's belongings, the marijuana was found in a hanging shoe rack behind the door to Defendant and Lopez's room. No evidence was shown by the State, video or otherwise, demonstrating that Defendant had control over the shoe rack, let alone knowledge of the contents inside. The shoe rack containing the marijuana was roughly the height of the entire room, containing numerous items, none of which were attributed to Defendant. "When exclusive control is at issue, additional circumstances, including the conduct of the accused, are required." *State v. Howl*, 2016-NMCA-084, ¶ 31, 381 P.3d 684. Unlike the methamphetamine and paraphernalia found in an area clearly under Defendant's control, the State failed to identify any additional circumstances that attribute the marijuana to Defendant.

**{14}** Viewing the evidence in the light most favorable to the verdict, we conclude sufficient evidence supports Defendant's convictions for possession of methamphetamine and paraphernalia, but not marijuana.

**CONCLUSION**

**{15}** For the foregoing reasons, we reverse Defendant's conviction for possession of marijuana and remand this case to the district court with instructions to vacate that conviction and to resentence Defendant accordingly. We affirm the remaining convictions.

**{16}   IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**