This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38067**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KAITLYN ARINGTON-MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals her convictions for possession of drug paraphernalia and possession of methamphetamine. This Court proposed summary affirmance. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** We affirm Defendant's conviction for possession of drug paraphernalia. The State was required to prove beyond a reasonable doubt that Defendant had a hypodermic needle in her possession and that Defendant intended to use it to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance. [RP

130] *See* UJI 14-3107 NMRA. As discussed in our calendar notice, Defendant admitted to arresting officers that she had a hypodermic needle in her backpack, that she possessed it for the purpose of ingesting methamphetamine, and that she used it earlier in the day to ingest methamphetamine. [MIO 4] These statements were captured on lapel video shown to the jury. [DS 2-3]

{3}     Defendant notes that it was undisputed at trial that the hypodermic needle in her backpack had never been used and was never subjected to testing for residue. [Id.] To the extent these facts could support an acquittal, we are bound to defer to the jury's findings and refrain from re-weighing the evidence. *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057. Defendant's statements, in light of the surrounding circumstances, furnish sufficient evidence for the jury to conclude beyond a reasonable doubt that Defendant, in fact, intended to use the hypodermic needle as drug paraphernalia. *See State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495 ("Intent can rarely be proved directly and often is proved by circumstantial evidence."); *State v. Muniz*, 1990-NMCA-105, ¶ 3, 110 N.M. 799, 800 P.2d 734 ("Intent may be proved by inference from the surrounding facts and circumstances.").

{4}     We also affirm Defendant's conviction for possession of methamphetamine. In her MIO, Defendant maintains she had no knowledge of the baggie of methamphetamine found inside her bra, and that the evidence that she exercised control over the methamphetamine inside the baggie did not provide proof beyond a reasonable doubt that she knew methamphetamine was on her person. [MIO 5] *See* UJI 14-3130 NMRA ("A person is in possession of [methamphetamine] when [she] knows it is on [her] person or in [her] presence, and [she] exercises control over it.").

{5}     To the extent Defendant's testimony could support an acquittal, it "does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We decline to disturb the jury's inferences that Defendant knew the baggie of methamphetamine found inside her bra was on her person or in her presence and that Defendant exercised control over it. *See State v. Howl*, 2016-NMCA-084, ¶ 30, 381 P.3d 684 (upholding a conviction where drugs were found in a cigarette pack in the defendant's pocket, and the defendant testified someone else handed him the pack just before he was searched); *Garcia*, 2011-NMSC-003, ¶ 5.

{6}     For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions for possession of drug paraphernalia and possession of methamphetamine.

{7}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**