This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38257**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**JEREMIAH YAZZIE-MILLER,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction for child abuse resulting in great bodily harm. This Court proposed summary affirmance in its notice of proposed disposition. Defendant filed a motion to amend his docketing statement and a memorandum in opposition, both of which we have duly considered. Remaining unpersuaded by Defendant's memorandum in opposition, we affirm.

**{2}** While we note that Defendant has moved this Court to amend his docketing statement, Defendant's proposed amendment raises no new issues but merely reasserts facts previously disclosed in the docketing statement and already known to this Court. As a result, we deny Defendant's motion to amend the docketing statement

and address any assertions raised as part of his motion in our response to Defendant's memorandum in opposition.

**{3}** Defendant contends the State failed to prove beyond a reasonable doubt that Defendant showed a reckless disregard without justification for the safety or health of the victim child. *See* UJI 14-615 NMRA; NMSA 1978, § 30-6-1(D) (2009). As discussed in our calendar notice, it is undisputed that while alone with the victim, Defendant shook the victim and caused the victim to suffer a severe head injury. [CN 3] We proposed to conclude that this evidence was sufficient to support Defendant's conviction. [Id.]

**{4}** Defendant disputes whether the evidence was sufficient to support the element of reckless disregard, where the victim's mother failed to disclose to Defendant that the victim suffered from pulmonary and other medical issues. [MIO 2-3] The memorandum in opposition indicates that trial counsel advised it was argued below that the victim's preexisting conditions, of which Defendant was not aware, clearly exacerbated Defendant's attempt to revive the victim. Defendant consequently contends that, had he known of these medical issues, he would have attempted to revive the victim differently. [MIO 3, 5] However, Defendant concedes in the memorandum in opposition that while the argument was made below, Defendant presented neither evidence of this non-disclosure nor medical testimony in support. [MIO 3] *See State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980 ("Argument of counsel is not evidence.").

**{5}** Further, it appears Defendant gave multiple conflicting statements concerning the circumstances causing the victim's head injury. [RP 65] To the extent Defendant continues to challenge whether the evidence presented was sufficient to demonstrate the element of reckless disregard, we are bound to defer to the jury's findings and refrain from reweighing the evidence. *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057; *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (noting that the fact-finder is free to reject the defendant's version of the facts).

**{6}** We conclude that witness testimony and Defendant's statements, in light of the surrounding circumstances, furnished sufficient evidence for the fact-finder to conclude beyond a reasonable doubt that Defendant acted with a reckless disregard by shaking the victim and hitting the victim's head on a bed headboard. *See State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495 ("Intent can rarely be proved directly and often is proved by circumstantial evidence."); *State v. Muniz*, 1990-NMCA-105, ¶ 3, 110 N.M. 799, 800 P.2d 734 ("Intent may be proved by inference from the surrounding facts and circumstances.").

**{7}** Finally, we reject Defendant's suggestion that medical testimony should have been required "as to what treatment the child could have received and what difference it would have made," consistent with Defendant's reading of *State v. Casaus*, No. A-1-CA-35349, mem. op. (N.M. Ct. App. Nov. 21, 2018) (non-precedential). Defendant's citation to *Casaus* is inapposite. *Casaus* was a medical neglect case, in which the conduct at issue was the defendant's failure to obtain medical treatment for the victim. *Id.* ¶ 22. Such medical evidence was not relevant here, where the conduct at issue was

Defendant's shaking of the victim and hitting the victim's head on a bed headboard; the charge was child abuse resulting in great bodily harm, and not one involving the absence of medical treatment.

**{8}** We conclude the evidence at trial was sufficient to support a finding that, in shaking the victim, hitting the victim's head on a bed headboard, and causing a severe head injury, Defendant showed a reckless disregard without justification for the safety or health of the victim. For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction for child abuse resulting in great bodily harm.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**